**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **In re** | § | |
| | § | |
| **Edge Petroleum Corporation** | § | **Case No. 09-mc-78** |
| | § | |
| **Debtors.** | § | |

## ORDER

On December 23, 2009, the Court held a hearing in the above-styled action to consider McGill Ranch and Royalty and Mineral Owners' Emergency Motion for Stay Pending Appeal of Order Confirming Debtors' Amended Plan of Reorganization ("Motion for Stay"). (D.E. 1.) McGill Ranch, Ltd. and Royalty and Mineral Owners ("Movants") request that the Court order a stay of the Bankruptcy Court's Order Confirming the Debtors' First Amended Joint Plan of Reorganization (Bk. D.E. 368) pursuant to Federal Rule of Bankruptcy Procedure 8005.

A district court's "decision to grant or deny a stay pending appeal rests in the discretion of that court." In re First South Sav. Ass'n, 820 F.2d 700, 709 (5th Cir. 1987). "However, the exercise of that discretion is not unbridled but rather, the court must exercise its discretion in light of what this court has recognized as the four criteria for a stay pending appeal. The four criteria are: (1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury if the stay is not granted; (3) whether the granting of the stay would substantially harm the other parties; and (4) whether the granting of the stay would serve the public interest." In re First South, 820 F.2d at 709; Arnold v. Garlock, Inc., 278 F.3d 426, 439-42 (5th Cir. 2001). The movant bears the burden of establishing each of the four prerequisites. Arnold, 278 F.3d at 438-39.

In evaluating the four criteria, this Court reviews the Bankruptcy Court's findings of fact under the clearly erroneous standard and decides issues of law de novo.  In re First South, 820 F.2d at 711 ("[W]hile a bankruptcy court's conclusions of law are freely reviewable on appeal, a bankruptcy judge's findings of fact must be accepted unless they are clearly erroneous.") (citing Machinery Rental, Inc. v. Herpel, 622 F.2d 709, 713 (5th Cir. 1980)).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  In re First South, 820 F.2d at 711.

After reviewing the Parties' submissions and listening to oral arguments, the Court concludes that Movants have failed to meet their burden to warrant the stay.  The Movants have failed to demonstrate that entry of the stay would not harm the Debtors, that entry of the stay would be in the public interest, and that Movants would suffer irreparable harm if the stay were not granted.  Although the Court makes no determination as to the first factor, the likely success of Movants' claims on appeal, it need not do so to decide Movants' Motion for Stay.  Arnold, 278 F.3d at 438-39.

In response to Movants' concerns raised at the hearing, the Parties agreed that the Edge Entities' working interest leases are fee simple.  The Parties also stipulated that cure amounts do not apply to fee simple transfers.

The Court DENIES the Motion for Stay.  (D.E. 1.)

SIGNED and ORDERED this 24th day of December, 2009.

_____
Janis Graham Jack
United States District Judge